# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SHERRY MARTIN d/b/a SHERRY MARTIN PHOTOGRAPHY

Plaintiff,

vs.

WALT DISNEY INTERNET GROUP, ESPN, INC., JON FISH, COMPETITOR GROUP, INC., BOB BABBITT, and OSAMU CHIBA d/b/a OPIX PHOTOGRAPHY,

Defendants.

CASE NO. 09CV1601-MMA (POR)

**ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

[Doc. No. 98]

Defendants Bob Babbitt and Competitor Group, Inc. (collectively "Defendants")[1] move to dismiss Plaintiff's Third Amended Complaint ("TAC") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Sherry Martin ("Plaintiff") opposes the motion. Having considered the parties' submissions, for the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

/ / /

/ / /

/ / /

/ / /

[1] Defendants Walt Disney Internet Group ("WDIG"), ESPN, Inc. ("ESPN"), Jon Fish, and Osamu Chiba settled with Plaintiff prior to this motion.

**BACKGROUND**

This action arises out of events related to Defendants' alleged unauthorized use of Plaintiff's copyrighted photographic images. Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).[2]

Plaintiff Sherry Martin is a professional freelance photographer. On July 29, 2007, Plaintiff photographed the Solana Beach Triathlon in San Diego County, California. Retained on contract for the event by Opix Photography, which is owned and operated by Osamu Chiba, Plaintiff took hundreds of photographs, including several of Dr. David Martin.[3] On April 3, 2008, Dr. Martin was killed in a shark attack while training for another triathlon. After Dr. Martin died, on May 12, 2008, Defendant Bob Babbitt, owner of Competitor Magazine ("Competitor"), sent Osamu Chiba an email requesting Plaintiff's high-resolution images of Dr. Martin to publish in an upcoming issue of the magazine. Chiba emailed Plaintiff the following day stating that he had reached a licensing agreement with Defendants of $50 per image of Dr. Martin. Plaintiff immediately notified Chiba that she did not agree with the terms and that he was not authorized to license the images for commercial purposes. On May 16, 2008, Plaintiff contacted Defendant Competitor directly and notified Defendant Babbitt that they were not authorized to use the images without a contract and invoice. Plaintiff followed up with Defendants the next day, relaying the same message, but she never received a response.

In June 2008, Defendants published a high-resolution image of Plaintiff's photograph in Competitor Magazine. The image appeared in the magazine with a credit stating "photo by Opix/Sherry Martina." As mentioned above, Plaintiff did not authorize Defendants to use her image, and she was not compensated for its use in the June 2008 issue. Plaintiff asserts that she did not learn that Defendants had published her photograph until December 2008. She alleges that Chiba distributed the photograph to Defendants without her knowledge.

On August 5, 2008, Defendant Babbitt sent Chiba an email indicating that Jon Fish of ESPN was interested in using the photograph in a story on Dr. Martin. Chiba replied with a low-resolution

---

[2] All facts cited are taken from Plaintiff's Third Amended Complaint unless otherwise noted.

[3] Dr. Martin and Plaintiff are not related.

image of the photograph and forwarded the email to Plaintiff, stating that Plaintiff handled her own image sales. Plaintiff asked Chiba for Fish's contact information, but Chiba said he did not have any. No further contact between Plaintiff or Fish occurred until October 2008 when Plaintiff discovered ESPN had published her photograph with an article, "Back in the Water," on both the WDIG and ESPN website. The article did not credit Plaintiff for the photograph in the article.

On December 3, 2008, Plaintiff registered her photograph with the United States Copyright Office. On December 8, 2008, she sent cease and desist letters to Fish and ESPN's legal department requesting the image be removed from the website and for damages for its unauthorized use. Counsel for ESPN sent a letter to Plaintiff on December 26, 2008, admitting they obtained the image from Defendant Competitor and used it without a license. Plaintiff alleges that Chiba, Defendants, and ESPN worked together to distribute her copyrighted photograph without her consent.

After sending the cease and desist letters, Plaintiff states that an event photographer, who frequently hired her for racing events, called to warn her that she could lose job opportunities if she went forward with her claims. Plaintiff contends that her racing event photography diminished substantially after the call.

Plaintiff filed the Original Complaint in this matter on July 23, 2009. Since the initial filing, Plaintiff has amended her complaint three times. She filed the Third Amended Complaint ("TAC"), which is at issue here, on April 9, 2010.

**LEGAL STANDARD**

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Ashcroft*, *supra*, 129 S. Ct. at 1950.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

## DISCUSSION

The Court addresses each challenged cause of action in turn.

### ***1. First Cause of Action: Copyright Infringement***

Plaintiff alleges that Defendants infringed her copyright in the photograph of Dr. Martin, in violation of Section 501 of the Copyright Act, by publishing and distributing the image without her permission. In Plaintiff's TAC, she pleads that Defendants published the photograph without her permission in the June 2008 issue of Competitor Magazine and distributed the protected work to Jon Fish of ESPN without her permission. Defendants do not seek to dismiss Plaintiff's copyright infringement claim in their 12(b)(6) submission. However, Defendants do ask the Court to dismiss Plaintiff's request for attorney's fees, statutory damages, and enhanced statutory damages for Defendants' alleged violation of Section 501. Defendants contend that Section 412 bars Plaintiff from receiving any of the aforementioned damages because Plaintiff registered her copyright too late. Plaintiff opposes dismissal of these requested damages. Plaintiff argues that dismissal at this juncture would be improper because Rule 12(b)(6) provides for the dismissal of claims, not remedies.

As a preliminary matter, the Court has the authority to decide whether Plaintiff has stated a claim for statutory damages and attorney's fees on a motion to dismiss. *Shade v. Gorman*, 2009 U.S. Dist. LEXIS 8554 (N.D. Cal. 2009) (granting defendants' motion to dismiss attorney's fees and statutory damages under Section 412). If a plaintiff requests attorney's fees and statutory damages in the complaint, courts routinely decide whether such remedies are available under the Copyright Act

on a 12(b)(6) motion. *See Inst. for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*, 2009 U.S. Dist. LEXIS 96951, at *10 (S.D.N.Y. 2009); *Google, Inc. v. Affinity Engines, Inc.*, 2005 U.S. Dist. LEXIS 37369, at *17 (N.D. Cal. 2005). Plaintiff's argument that dismissing such remedies is premature is without merit.

Furthermore, Section 412 bars statutory damages or attorney's fees under Sections 504 and 505 when "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. In *Derek Andrew, Inc. v. Poof Apparel Corp.*, the Ninth Circuit clearly held that in copyright infringement actions "Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). Although Plaintiff is correct that Sections 504 and 505 allow for attorney's fees and statutory damages in infringement actions, Plaintiff fails to recognize that Sections 504 and 505 are plainly limited by the language of Section 412. As such, the Court must analyze Plaintiff's complaint based on the language of Section 412.

Section 412 requires the identification of three events—the date of registration, the date of first publication, and the date infringement commenced. *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003). Exhibit 2 of Plaintiff's TAC, the Certificate of Registration, alleges that Plaintiff registered her photograph with the United States Copyright Office on December 3, 2008. (*TAC* at Ex. 2.) Plaintiff also alleges in the Certificate of Registration that the photograph was first published on October 15, 2008, the day Disney and ESPN published the online article "Back in the Water."[4] (*TAC* at Ex. 2.) Lastly, Plaintiff alleges that Defendants infringed in June 2008 when they published the photograph in Competitor Magazine. (*TAC* at ¶ 39.) Taking all Plaintiff's assertions to be true, as the Court must on a motion to dismiss, Section 412 bars recovery of attorney's fees and

---

[4] Defendants claim the first publication date was July 2007, when the photo was displayed on Opix's website, but they note that assuming Plaintiff's alleged date of first publication to be true does not change the result under Section 412.

damages under Sections 504 and 505 because the photograph was unpublished and unregistered in June 2008 when Defendants infringed on her copyright. 17 U.S.C. § 412; *Zito*, 267 F. Supp. 2d at 1026 (dismissing Plaintiff's claims for statutory damages and attorney's fees because the copyrighted photograph was unpublished and unregistered when the infringement occurred). Although Plaintiff registered the photograph on December 3, 2008, which is within three months of the first publication on October 15, 2008, Defendants' alleged infringement still occurred before the date of publication, which prevents her recovery based on the plain language of Section 412. As the Court noted earlier, however, Plaintiff's underlying copyright infringement claim is unchallenged, and Plaintiff "may still seek to recover actual damages and defendants' profits attributable to the alleged infringement." *Zito*, 267 F. Supp. 2d at 1026. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's requests for statutory damages, enhanced damages, and attorney's fees.

***2. Second and Third Causes of Action: Violation of Right of Attribution and Right of Integrity***

Plaintiff claims that Defendants violated her rights of attribution and integrity under Section 106A(a)(1) and Section 106A(a)(3), respectively. Plaintiff alleges that Defendant violated her attribution rights by failing to properly credit her for the photograph in the June 2008 issue of Competitor Magazine—the photo credit stated "photo by Opix/Sherry Martina"—and for knowingly providing false information to WDIG, ESPN, and Fish regarding her name and company information. Additionally, Plaintiff claims that Defendants violated her right of integrity by altering, modifying, and distorting the photo published in Competitor Magazine and by distributing the photo to WDIG, ESPN, and Fish, who also altered, modified, and distorted the image without her permission.

Defendants seek to dismiss both claims on the grounds that Plaintiff's photograph is not a "work of visual art" under Section 101, and therefore, it is not protected by Section 106A. Section 106A of the Copyright Act, the Visual Artists Rights Act ("VARA"), protects the moral rights of artists, including the proper use of the artist's name and the physical integrity of the artist's work. *See* 17 U.S.C. § 106A. The right of attribution allows the creator of a work of visual art to "claim authorship of that work" and "to prevent the use of his or her name as the author of any work of visual art which he or she did not create." 17 U.S.C. § 106A(a)(1). The right of integrity allows the author

"to prevent the use of his or her name as the author of the work of visual art in the event of a distortion, mutilation, or other modification of the work which would be prejudicial to his or her honor or reputation." 17 U.S.C. § 106A(a)(2). Unlike the broad categories of copyright protection in Section 102(a) of the Copyright Act, VARA only protects attribution and integrity rights when the author's work qualifies as a "work of visual art," as defined in Section 101. 17 U.S.C. § 101; 17 U.S.C. § 106A(a). A photograph is considered a work of visual art under Section 101 only if the work is a "still photographic image" that is "produced for exhibition purposes only, existing in a single copy that is signed by the author, or in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author." 17 U.S.C. § 101.

Defendants argue that Plainttiff's image is not a "work of visual art" because it was not produced for exhibition purposes only, and it is not limited to 200 or fewer copies, signed and numbered by the author. Even if Plaintiff's work is considered a work of visual art, Defendants contend that reproducing the photograph in a magazine does not implicate Plaintiff's rights under Section 106A because Section 106A(c)(3) exempts Defendants actions from an attribution or integrity claim. Plaintiff contends that she has properly alleged in her TAC that the photo was for exhibition purposes only and that there are fewer than 200 copies, all signed and numbered by the author. She argues that she does not need to prove these facts to the Court on a motion to dismiss and that the Court must accept all allegations in her TAC as true. Plaintiff does not address Defendants' argument that her claim is barred by Section 106A(c)(3).

As a preliminary matter, the Court agrees that Plaintiff adequately alleges that her photograph meets the definition of a work of visual art to qualify for protection under VARA. (*TAC* at ¶ 20.) Defendants' sole argument to the contrary relies on a comparison of Plaintiff's TAC with her prior pleadings. Defendants assert that Plaintiff cannot plead facts showing that her work was for exhibition purposes because she admits in her prior complaints to merchandising the photograph, but strategically removes such admissions from her TAC. Although this argument is well-taken, the Court may not consider inconsistencies in prior pleadings on a motion to dismiss. *See In re Verisign Corp. Secs. Litig.*, 2006 U.S. Dist. LEXIS 81419, at *18-19 (N.D. Cal. 2006). "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission . . . ." *See Huey v.*

*Honeywell*, 82 F.3d 327, 333 (9th Cir. 1996). Although differences between complaints may be properly considered on a motion for summary judgment or at trial, on a motion to dismiss the Court must take all allegations within Plaintiff's TAC to be true. *Id*. (considering inconsistent complaints on a motion for summary judgment). Similarly, taking Plaintiff's TAC to be true, she also meets the signing and numbering requirement under Section 101. She properly alleges that her photograph is limited to less than 200 copies, which are all signed and numbered consecutively. (*TAC* at ¶ 20.) Her failure to attach one of the signed and numbered copies of her work to her complaint does not defeat her claim.

Although Plaintiff properly alleges that her photograph is a work of visual art, Defendants correctly argue that reproducing Plaintiff's photograph in their magazine does not implicate her attribution or integrity rights. Section 106A(c)(3) of VARA states that attribution and integrity rights "shall ***not*** apply to any reproduction, depiction, portrayal, or other use of a work in, upon, or in any connection with any item described in subparagraph (A) or (B) of the definition of 'work of visual art.'" 17 U.S.C. § 106A(c)(3) (emphasis added). The items referenced in subparagraph (A) and (B) include in part "any poster, map, globe, chart, technical drawing, diagram, model, applied art, motion picture or other audiovisual work, book, ***magazine***, newspaper, periodical, data base, electronic information service, electronic publication, or . . . advertising or promotional material." 17 U.S.C. § 101 (emphasis added). According to the legislative history of VARA, this exclusion exists "because such actions do not affect the single or limited edition copy, imposing liability in these situations would not further the paramount goal of the legislation: to preserve and protect certain categories of original works of art." H.R. Rep. No. 101-514, at 18 (1990). "It is the original or limited edition still photographic image, whether in print or negative form, that garners the rights VARA bestows." *Id.*; *see also Berrios Nogueras v. Home Depot*, 330 F. Supp. 2d 48, 51 (D.P.R. 2004) (dismissing VARA claims for the unauthorized reproduction of a photograph on posters and other promotional materials). In this case, the plain language of Section 106A(c)(3) excludes Defendants' actions from VARA protection because Defendants reproduced and published Plaintiff's photograph in a magazine. 17 U.S.C. § 106A(c)(3). Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's second and third causes of action with prejudice.

***3. Fourth Cause of Action: Unjust Enrichment***

In addition to Plaintiff's copyright infringement and moral rights claims, Plaintiff alleges that Defendants were unjustly enriched by their "unauthorized use of Plaintiff's Protected Work without compensation, failure to identify her name and organization as part of the publication of the Protected Work, and/or alteration of her artwork." (*TAC* at ¶ 102.) Defendants seek to dismiss Plaintiff's state law claim for unjust enrichment, arguing it is preempted by federal copyright law. Plaintiff asserts that preemption of her unjust enrichment claim is improper at this time because she pleads it as an alternative to her copyright claims, which have yet to be decided. She also argues that unjust enrichment is qualitatively different from her primary copyright claims and falls outside the scope of Section 301.

Plaintiff first argues that her unjust enrichment claim cannot be dismissed until her copyright claims fail. "The relevant question is whether Plaintiffs could bring their claims under copyright law, not whether they will, nor even whether they will ultimately prevail on their copyright claim." *Falcon Enters. v. Nobel Devs., Inc.*, 2007 U.S. Dist. LEXIS 15809, at *5 (granting motion to dismiss plaintiff's unjust enrichment claim due to preemption before copyright claims are decided).

Given that the Court has the authority to dismiss state law claims that are preempted by copyright law, Section 301(a) of the Copyright Act states that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C § 301. The Ninth Circuit has adopted a two-part test to determine when Section 301 preempts a state law claim. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006). A state law claim is preempted if: 1) "the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103;" and 2) "the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id.*

Under the Ninth Circuit test, Plaintiff's photograph falls within the subject matter protected by Section 102 of the Copyright Act as a "pictorial, graphic, or sculptural work." 17 U.S.C. §

102(a)(5). The more difficult question is whether the right Plaintiff asserts under her state law claim for unjust enrichment is equivalent to the exclusive rights of copyright holders protected by Section 106. To survive preemption under the second prong, "the state cause of action must protect rights that are qualitatively different from the rights protected by copyright: the complaint must allege an 'extra element' that changes the nature of the action." *Grosso v. Miramax Film Corp.*, 2004 LEXIS 28043, at *4–5 (9th Cir. 2005) (*citing Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987)); *Laws v. Sony Music Entm't, Inc.*, 448 F.3d at 1143. In *Firoozye v. Earthlink Network*, the court dismissed plaintiff's unjust enrichment claim, "which at its core allege[d] that the defendants unfairly benefitted from their unauthorized use of WebStash, [plaintiff's copyrighted computer program]," because it failed to allege an extra element that would make the state law claim qualitatively different than the copyright claims. *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001). In *Firoozye*, the court did not dismiss plaintiff's state law claims for breach of contract and promissory estoppel because, unlike unjust enrichment, such claims involved "an additional element—a promise to pay the plaintiff for his software—that qualitatively change[d] the nature of the claims so that they [were] not equivalent to a claim for copyright infringement involving only a promise not to use the program." *Id.*

Although unjust enrichment claims are not categorically preempted by the Copyright Act, Plaintiff must allege a basis for the claim other than the unauthorized use of the copyrighted work, or the claim will be dismissed. *See Perfect 10, Inc. v. Google, Inc.*, 2008 U.S. Dist. LEXIS 79200 (C.D. Cal. 2008). In *Perfect 10, Inc. v. Google, Inc.*, plaintiff's unjust enrichment claim involving defendant's use of thumbnail images on its website was not preempted because "[i]n alleging the basis for its unjust enrichment claim, P10 specifically avoided relying on its copyright claims. To the extent its unjust enrichment theory of relief is based on nonpreempted claims—i.e., right of publicity, trademark—the unjust enrichment claim [was] not preempted by the Copyright Act." *Id.*

Plaintiff alleges unjust enrichment based on the "unauthorized use of Plaintiff's Protected Work without compensation, failure to identify her name and organization as part of the publication of the Protected Work, and/or alteration of her artwork." (*TAC* at ¶ 102.) Hence, Plaintiff's theory of relief for unjust enrichment is not qualitatively different from her copyright claims under Sections

106 and 106A, which are also based on Defendants' unauthorized use and alteration of the photograph and failure to identify her as the photographer. (*TAC* at ¶ 72.) Plaintiff's unjust enrichment claim is preempted by the Copyright Act. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's unjust enrichment claim with prejudice.

***4. Fifth Cause of Action: Violation of Lanham Act***

Plaintiff alleges that Defendants violated Section 1125 of the Lanham Act for "improperly us[ing] a misspelled version of Plaintiff's name in commerce which is likely to cause confusion, mistake or deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to Plaintiff's sponsorship or approval of Defendants' goods, services, or commercial activities." (*TAC* at ¶ 106.) More specifically, Plaintiff asserts that Defendants improperly attribute her photograph to "Opix/Sherry Martina" in the June 2008 issue of Competitor Magazine. (*TAC* at ¶ 27.)

Defendants argue that Plaintiff's Lanham Act claim should be dismissed as a matter of law because Section 1125(a) only protects the origin of goods and services, and the misspelling of Plaintiff's name does not misrepresent the origin of goods or services according to Supreme Court precedent. Defendants assert that Plaintiff is misusing the Lanham Act, a trademark statute, as another avenue to allege her copyright infringement claim. Additionally, Defendants argue that even if Plaintiff could bring a Lanham Act claim, Plaintiff fails to state a claim upon which relief may be granted because she has not alleged specific facts to show how the misspelling of her name would likely cause confusion, mistake, or deceit as to the parties' affiliation.

Plaintiff does not challenge Defendants' first argument that her Lanham Act claim fails pursuant to Section 1125(a). Instead, Plaintiff attempts to plead her claim with more specificity in her opposition brief. Plaintiff argues that a friend sent her an email with a link to ESPN's article, "Back into the Water," which featured her photograph, and the friend did not realize the photograph was Plaintiff's work. Based on these new facts, Plaintiff argues she sufficiently alleges a false designation of origin that has caused confusion as to the ownership of her photo within the meaning of Section 1125(a).

Section 1125(a) of the Lanham Act creates a cause of action against "any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or

device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 17 U.S.C. § 1125. In *Dastar v. Twentieth Century Fox Film Corp.*, the Supreme Court interpreted the meaning of "origin" of "goods," and ultimately held that the language refers to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003).

The Supreme Court in *Dastar* also cautioned against over-extending or misusing Lanham Act protection of trademark and competition "into areas traditionally occupied by patent or copyright." *Id*. at 34. After *Dastar*, district courts in the Ninth Circuit "have been reluctant to allow an overlap between claims involving the Lanham Act and copyright law and have dismissed Lanham Act claims where the copyright laws provided an adequate remedy." *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1116 (W.D. Wash. 2004); *Fractional Villas, Inc. v. Tahoe Clubhouse*, 2009 U.S. Dist. LEXIS 4191 *10-11 (S.D. Cal 2009) (dismissing plaintiff's Lanham claim against defendants for copying information off plaintiff's website).

Under *Dastar*, the "good" at issue in this case is the June 2008 issue of Competitor Magazine, since the magazine itself is the product offered for sale to the public. Plaintiff's photograph constitutes the "idea[s], concept[s], or communication[s] embodied within those goods," which according to *Dastar*, are clearly not protected under Section 1125(a) of the Lanham Act. *Dastar*, 539 U.S. at 37. Therefore, Plaintiff as a matter of law fails to state a claim under the Lanham Act. The Court **GRANTS** Defendants' motion to dismiss this claim with prejudice.

***5. Sixth Cause of Action: Tortious Interference***

Lastly, Plaintiff claims tortious interference with prospective economic relations under California state law. Plaintiff alleges that Defendants contacted a photographer with whom she worked and told the photographer of Plaintiff's cease and desist letter to Defendant. Because of Defendants' actions, Plaintiff states the photographer warned her that if she continued this litigation,

she could lose job opportunities. Plaintiff claims her job opportunities as a race photographer significantly diminished as a result of Defendants' interference.

Defendants move to dismiss Plaintiff's tortious interference claim for failing to meet the *Twombly* pleading standard and failing to allege all the elements of tortious interference. To state a claim for tortious interference with prospective economic relations, a plaintiff must allege the following five elements: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp*., 63 P.3d 937, 950 (Cal. 2003) (*citing Westside Center Associates v. Safeway Stores 23, Inc*., 42 Cal. App. 4th 507, 521-522).

Defendant argues that Plaintiff's complaint must be dismissed because it does not allege which defendant contacted the photographer, the photographer's identity or what was said to her, nor the specific economic opportunity Plaintiff lost. Defendant also argues that Plaintiff did not plead the elements of tortious interference because she failed to assert that any defendant knew of Plaintiff's relationship with this photographer, intended to disrupt Plaintiff's relationship with this photographer or another third party, or proximately caused Plaintiff's economic loss.

Plaintiff argues that her tortious interference claim is sufficient to survive a motion to dismiss. Plaintiff recognizes that she does not specifically plead that Defendants knew of her business relationship with this photographer and intended to disrupt it. However, she argues that it is unnecessary because Defendants' knowledge and intent can be inferred from Plaintiff's additional allegations, specifically, that Defendants knew Plaintiff did freelance work for this photographer; Defendants told the photographer about the cease and desist letter; and the photographer threatened to stop providing business to Plaintiff as a result of their actions. Plaintiff also argues that it is unnecessary for her to identify the photographer or to name which individual defendants allegedly communicated with the photographer. According to Plaintiff, the knowledge element of a tortious interference claim only requires that Defendants know and intend to interfere with a contractual relationship, not the specific people involved.

In *Sybersound Records, Inc. v. UAV Corporation*, the Ninth Circuit dismissed plaintiff's tortious interference claim for failing to plead facts showing an actual disruption of a contract or customer relationship that proximately caused the loss of economic opportunity or advantage. *Sybersound Records, Inc. v. UAV Corp*., 517 F.3d 1137, 1151 (9th Cir. 2008). Sybersound claimed that UAV Corporation intentionally misrepresented to customers that Sybersound did not have valid licenses to its songs, which resulted in the loss of business. *Id*. However, the Ninth Circuit held that Sybersound's complaint was insufficient because it "merely state[d] in a conclusory manner that it 'has been harmed because its ongoing business and economic relationships with Customers have been disrupted.' Sybersound [did] not allege, for example, that it lost a contract nor that a negotiation with a Customer failed." *Id.* Proximate cause is properly alleged when the plaintiff identifies a specific relationship with which the defendant interferes. *Transcription Communs. Corp. v. John Muir Health*, 2009 U.S. Dist. LEXIS 25151 (N.D. Cal. 2009) (finding "TCC adequately pleaded proximate cause by explaining how the acts of eScription and Focus interfered with the relationship that JMH had with TCC").

Under *Sybersound*, Plaintiff's claim of tortious interference fails because Plaintiff does not specifically allege facts showing that Defendants' interference proximately caused her economic harm. Plaintiff only alleges that "one of the Defendants had contacted [the event photographer] regarding the cease and desist letter," and "[a]fter the call, Plaintiff's racing event photography diminished substantially." (*TAC* at ¶ 111-12.) Plaintiff does not identify a specific economic opportunity or advantage that she lost as a result of Defendants' contact with the photographer. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claim for tortious interference, and Plaintiff's claim is dismissed. As discussed below, dismissal shall be without prejudice and with leave to amend.

***6. Leave to Amend***

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir.

1996). Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith or dilatory motive on the part of the movant, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, only futility is at issue. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit instructs that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Although Plaintiff's first cause of action for copyright infringement is not at issue, the Court finds that amendment with regard to Plaintiff's request for attorney's fees and statutory damages for the alleged infringement is futile. Plaintiff's request for such damages fails as a matter of law due to copyright registration requirements. The Court also finds that amendment to Plaintiff's second, third, fourth, and fifth claims would be futile. Plaintiff's second and third causes of action for VARA violations fail as a matter of law because Defendants' actions are exempted by Section 106A(c)(3). Plaintiff's fourth cause of action for unjust enrichment is preempted by the Copyright Act. Plaintiff's fifth cause of action for Lanham Act violations fails as a matter of law according to Supreme Court precedent in *Dastar*. With respect to Plaintiff's sixth cause of action, the Court finds that Plaintiff could potentially plead additional facts to state a plausible claim for tortious interference. Accordingly, the Court **GRANTS** Plaintiff leave to amend as to her sixth cause of action only.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

Based on the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.

1. Plaintiff's requests under Section 501 of the Copyright Act for statutory damages, enhanced damages, and attorney's fees are dismissed with prejudice;
2. Plaintiff's second, third, fourth, and fifth causes of action are dismissed with prejudice;
3. Plaintiff's sixth cause of action is dismissed without prejudice and with leave to amend;
4. Plaintiff shall file a fourth amended complaint in compliance with this Order on or before ***July 16, 2010***.

**IT IS SO ORDERED**.

DATED: June 30, 2010

Hon. Michael M. Anello
United States District Judge